GILLIG v. BARRETT et al.

(Supreme Court, Special Term, New York County.    February 20, 1889.)

RECEIVERS—APPOINTMENT BEFORE JUDGMENT.

    In an action on an agreement stipulating that, in consideration of the renewal by plaintiff of certain outstanding acceptances of defendant, the defendant would pay over to plaintiff, weekly, a certain per cent. of his net earnings, a receiver was asked for certain moneys due and to become due defendant as theatrical manager of one B. It appeared from the affidavits that an accounting would be necessary in order to establish plaintiff's right to any portion of the earnings. *Held*, that, in the absence of any showing as to the situation of the property, or that defendant was insolvent or engaged in speculation, the application must be refused, as Code Civil Proc. § 713, only authorizes the appointment of a receiver before judgment on the application of a party who has established an apparent right or interest in the property, when it is in the possession of the adverse party, and there is danger of its removal or loss.

At chambers.    Motion for appointment of receiver.

*Gruber & Bard*, (*William Fullerton*, of counsel,) for plaintiff.    *R. H. Griffin*, (*R. G. Ingersoll*, of counsel,) for defendants.

PATTERSON, J.    This is a motion for the appointment of a receiver, under section 713 of the Code of Civil Procedure, of certain moneys which have and may become due to the defendant Barrett, arising out of a contract between him and the defendant Booth, under which the former conducts or manages the theatrical business of the latter. The plaintiff claims to be entitled to 10 per cent. of the amount to be realized by Mr. Barrett, and this right, it is asserted, grows out of an agreement made February 10, 1886, between the plaintiff and Barrett, by which it was stipulated that, in consideration of the plaintiff arranging for the renewal and carrying by banks or bankers of certain outstanding acceptances of Barrett, he would give the plaintiff each week a check for 10 per cent. of his net earnings, commencing March 16, 1886, and continuing during the period of his indebtedness and so long as the acceptances were carried. The plaintiff asserts that this percentage is not limited to Barrett's earnings as an actor, but includes and was intended to include his profits or compensation as Mr. Booth's theatrical manager. It is not necessary now to pass upon the several questions discussed on the argument and elaborately treated in the briefs as to whether the agreement was made with the plaintiff individually or with him as the representative of the "American Exchange in Europe, Limited," or what was included in the agreement, or its validity if made with the plaintiff individually, for, in my opinion, the motion must be disposed of on grounds not affecting the intrinsic merits of the controversy. There are affidavits introduced by the plaintiff tending to show that an indebtedness still exists of Barrett to the exchange, but there is also an affidavit of an expert accountant who swears that it appears from the books of that company that all his indebtedness to it has been paid; and it is obvious that, before the plaintiff's right to any portion of the earnings of Barrett can be established, an accounting between him and the company must be had. The section of the Code under which this motion is made authorizes the appointment, before final judgment, of a receiver of property the subject of an action on the application of a party who has established an apparent right or interest therein, when it is in the possession of an adverse party and there is danger that it will be removed beyond the jurisdiction of the court, or lost or materially injured or destroyed. Assuming that this provision of law authorizes the appointment of a receiver of such interests or benefits as Barrett would take or realize under his contract with his co-defendant, there is nothing now before the court to show the existence of either of the conditions as to the situation of the property or fund required by the statute. All that appears is that Barrett has control of his own earnings. It is not shown that the moneys he receives, being within the jurisdiction of the court, have been

or will be removed, nor that he is insolvent or that he is engaged in hazardous business or speculation, or that he is secreting or disposing of his property or income. I would not feel justified in appointing a receiver at this stage of the case, and thus embarrassing a defendant who seems only to be resisting what he believes to be an unfounded claim. I express no opinion on the merits of the case. Motion for receiver denied, with $10 costs.